FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 16, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:24-CR-02081-SAB |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE AND GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING |
| v. | |
| JACOB AUBREY LITTLEBULL, | |
| Defendant. | |
| | ORDER SETTING PRETRIAL CONDITIONS OF RELEASE |
| | **ECF Nos. 34, 35** |
| | **\*\*USMS ACTION REQUIRED\*\*** |

On November 22, 2024, the Court held a detention hearing and granted the United States' Motion for Detention (ECF No. 9). ECF No. 23. In detaining Defendant, the Court reasoned that Defendant's risk of danger to the community was too great "without a proposed release plan that includes a stable release address, a plan for substance-use and mental-health assessments and treatment, as well as GPS monitoring and/or alcohol monitoring." *Id.*

Then, on January 14, 2025, Defendant filed a Motion to Reopen Detention (ECF No. 30), indicating that he had undergone a mental-health evaluation which recommended inpatient treatment, and that a bed date was available at James

ORDER - 1

1  Oldham Treatment Center ("JOTC") in Buena, Washington, on January 16, 2025.

2  ECF No. 30.  Accordingly, Defendant requested the Court grant his release for

3  inpatient treatment.  *Id.*  However, on January 15, 2025, defense counsel informed

4  the Court, the United States, and United States Probation/Pretrial Services via

5  email that the proposed bed date was no longer available.  Thus, the Court denied

6  Defendant's motion with leave to renew when another bed date and time had been

7  arranged.  ECF No. 33.  Now, Defendant has renewed his Motion to Reopen

8  Detention (ECF No. 34), indicating that a bed date is available at JOTC on January

9  20, 2025, at 9:00 a.m.  ECF No. 34.  Neither the United States, nor United States

10  Probation/Pretrial Services oppose Defendant's release to treatment.  ECF No. 30.

11        The issue of pretrial release is governed by 18 U.S.C. § 3142.  Under that

12  statute, a judicial officer shall order that a defendant awaiting trial be (1) "released

13  on personal recognizance or upon execution of an unsecured appearance bond,"

14  (2) "released on a condition or combination of conditions," or (3) detained pending

15  trial.  18 U.S.C. § 3142(a).  The judicial officer shall conduct a detention hearing to

16  determine "whether any condition or combination of conditions set forth in

17  [§ 3142(c)] will reasonably assure the appearance of such person as required and

18  the safety of any other person and the community." 18 U.S.C. § 3142(f).  The

19  judicial officer shall order the defendant be detained if the United States shows

20  either (1) by a preponderance of the evidence that the defendant will not appear as

ORDER - 2

required, or (2) by clear and convincing evidence that the defendant poses a risk to the safety of any other person and the community. *Id.*; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community.").

Pursuant to 18 U.S.C. § 3142(g), the Court must consider the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

As a preliminary matter, the Court has determined that Defendant has presented evidence to reopen detention pursuant to 18 U.S.C. § 3142(f). A detention hearing may be reopened if "information exists that was not known to the movant at the time of the hearing and has a material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as

ORDER - 3

required and the safety of any other person and the community." 18 U.S.C. § 3142(f).  Defendant's mental-health evaluation and the availability of inpatient treatment constitute information that may not have been known to Defendant and has a material bearing on Defendant's risks of nonappearance and danger to the community.

In the Court's prior Order (ECF No. 23), the Court indicated that Defendant's risk of danger to the community was too great without a release plan that included a "stable release address, a plan for substance-use and mental-health assessments and treatment, as well as GPS monitoring and/or alcohol monitoring." ECF No. 23.  Defendant has now presented the Court with a release plan that addresses the Court's concerns regarding a stable release address and a plan for treatment.  ECF Nos. 30, 34.  While the Court's concerns regarding GPS monitoring and alcohol monitoring remain, the Court finds that limited release to inpatient treatment is sufficient to protect the community.  Additionally, the Court's other concerns explained in the prior Order (ECF No. 23) regarding Defendant's alleged violent offense and concerning relationship with his romantic partner are sufficiently mitigated by limited release to inpatient treatment.

Based on the foregoing, the Court finds that the United States has not established by the required preponderance of evidence an absence of conditions or combination of conditions of release that would reasonably assure Defendant's

ORDER - 4

1  appearance as required. Furthermore, the United States has not established by

2  clear and convincing evidence that Defendant poses a present risk to the safety of

3  other persons or the community that cannot be mitigated by conditions or a

4  combination of conditions of release.

5     Accordingly, **IT IS ORDERED:**

6     1.   Defendant's Motion to Expedite (**ECF No. 35**) is **GRANTED.**

7     2.   Defendant's Motion to Reopen Detention Hearing (**ECF No. 34**) is

8  **GRANTED.**

9     3.   If a party desires that another court review this Order pursuant to 18

10 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and

11 opposing counsel. LCrR 46(k)(1). The party shall then promptly file a motion for

12 review before the assigned District Judge. LCrR 46(k)(3). If the case has not yet

13 been assigned to a District Judge, or the assigned District Judge is unavailable, the

14 motion shall be noted for hearing before the Chief District Judge. *Id.*

15    4.   **Defendant shall be temporarily released from the Yakima County**

16 **Jail to a representative of James Oldham Treatment Center on Monday,**

17 **January 20, 2025, at 9:00 a.m.,** and shall proceed directly to and enter treatment

18 at JOTC.

19    5.   If Defendant leaves before or during the transport to the treatment

20 facility, after arrival to the treatment facility, or is terminated from treatment for

ORDER - 5

any reason, the treatment facility personnel shall immediately notify the United States Probation/Pretrial Services Officer, who shall in turn immediately notify the Court.

6. Defendant shall be returned to the custody of the United States Marshals Service upon completion or termination of treatment, absent further order of the Court. **Counsel for Defendant is advised to monitor the timing of Defendant's release from inpatient treatment and—prior to the release date—file a motion to reopen that advises the Court as to what measures would be in place for proposed program in the community.** Any motion to reopen shall be a maximum of four-pages in length and indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. For any motion that includes a plan for substance abuse treatment, Defendant shall attach completed waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any

ORDER - 6

time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program.  **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, it shall be set for decision on the Court's 6:30 docket.

      7.     While attending treatment, Defendant shall abide by the following conditions at all times:

### STANDARD CONDITIONS OF RELEASE

      1.     Defendant shall not commit any offense in violation of federal, tribal, state, or local law.  Defendant shall advise the supervising United States Probation/Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement.  Defendant shall not work for the United States government—or any federal, tribal, state, or local law enforcement agency—unless Defendant first notifies the supervising United States Probation/Pretrial Services Officer in the captioned matter.

      2.     Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

      3.     Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

ORDER - 7

4. Defendant shall sign and complete form A.O. 199C before being released.

5. Defendant shall not possess a firearm, destructive device, or any dangerous weapons.

6. Defendant shall report to the United States Probation/Pretrial Services Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7. Defendant shall contact defense counsel at least once a week.

8. Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law.  Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

9. Defendant shall surrender any passport to United States Probation/Pretrial Services and shall not apply for a new passport.

10. Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition that has been shipped or transported in interstate or foreign commerce.  18 U.S.C. § 922(n).

ORDER - 8

**SPECIAL CONDITIONS OF RELEASE**

1. Defendant shall remain in the Eastern District of Washington unless given permission by the United States Probation/Pretrial Services Office.

2. Defendant shall notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

3. Defendant shall avoid all contact, direct or indirect, with any codefendants or persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

**IT IS SO ORDERED.**

DATED January 16, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 9